Samuel M. Gold, J.
The defendants move for dismissal of the entire complaint pursuant to section 241 of the Civil Practice Act, for relief with respect to the first and second causes of action pursuant to rules 106 (subd. 4), 103 and 90 of the Rules of Civil Practice, as to the third and fourth causes pursuant to rules 106 (subd. 4) and 103, and as to the fifth cause pursuant to rule 103.
In the first cause of actibn it is alleged that the plaintiff Gifford, a creator, director and producer of animated motion pictures, became associated with and was in charge of a division of a corporation in which the defendants Goulding, Elliott and Graham were the interested parties and whose business was the producing of animated motion pictures under the name ‘1 Gifford Animation ”, The business was thereafter transferred to a corporation organized for that purpose with the name Gifford Animation, Inc., upon the conditions, among others, that it would adopt and use its name and the name of Gifford to capitalize upon and to benefit from the prestige and good will attached to plaintiff’s name, that Gifford would be the president and director in full charge of the corporation so long as he continued as a stockholder, that the defendants Goulding, Elliott and Graham would cause all production work thereafter required by them to be performed by the corporation. Thereafter plaintiff Kim, also a creator, director and producer of animated motion pictures, was engaged by the corporation as a film director and later was *914 brought into Gifford Animation, Inc., as a stockholder, director and vice-president in charge of the corporation along with Gifford and the corporation name was then changed to Gifford-Kim Productions, Inc., the defendant.
It is then alleged that by reason of the described activities, plaintiffs attained prominence, are held in high esteem in the industry and that therein the name Gifford means the plaintiff Gifford and the name Kim means the plaintiff Kim and the use of the name Gifford or Kim in connection with any animated motion picture production imports honesty, integrity, originality, artistry and excellence. In like manner, by reason of the services rendered to the corporation, the latter acquired the prestige and good will theretofore possessed by the plaintiffs. The use of plaintiffs’ names in the corporate name and in connection with its business was conditioned upon the performance by the defendants of their agreements with the plaintiffs, that so long as they remained stockholders of the corporation the plaintiffs would be president and vice-president respectively and in full charge of the corporation. The right to the use of their names was not otherwise assigned. It is then alleged that the defendants endeavored in bad faith to exercise that provision of the existing agreements relating to a first offer of sale of stock and, by reason of the refusal of the plaintiffs to yield to unwarranted demands made in bad faith and in breach of the agreements, the defendants did cause the discharge of the plaintiff Gifford, whereupon the plaintiff Kim resigned. The corporation has continued to use the names of the plaintiffs in its corporate name and in connection with its business.
Defendants argue that no cause for violation of civil rights is set forth or, if it is, it is repetitious since the second cause is based on violation of the Civil Eights Law, that unfair competition is not sufficiently set forth since the parties are not engaged -in competing businesses, that there is no allegation that plaintiffs’ names are used by the defendants in any business, that the individual defendants do not use plaintiffs’ names in any business, that each plaintiff in a common cause cannot complain of the alleged wrongful use of the name of the other, and, finally, each plaintiff has a different basis for claimed right of relief in that Gifford was discharged and Kim resigned.
The action is in unfair competition and it is sufficient. It is obvious from the allegations which must be accepted that plaintiffs possessed talents which have been utilized in the industry and have won for them reputation and acceptance. This is an asset and a right which entitles them to protection against dilution (Fisher v. Star Co., 231 N. Y. 414; Metropolitan Opera *915 Assn. v. Wagner-Nichols Recorder Corp., 199 Misc. 786). Whether plaintiffs have surrendered any right to object to the use of the corporate name and to obtain relief with respect thereto need not now be determined for the cause is sufficient at least to the extent that it is charged that the corporation is using in its business and without right or consent the individual names of the plaintiffs and is trading upon their reputation. Both plaintiffs had the right to rely, as alleged, upon the continued use of their names only so long as the underlying agreements were performed, the plaintiffs remained stockholders and officers and in full charge of the corporation. Upon the basis of the pleading, plaintiffs may rely upon the contention that violation as to one was violation as to both and since it is alleged that all defendants conspired to produce the breach and to continue to use the names of the plaintiffs, the cause is good against all defendants. Only one cause is set forth and all of the allegations thereof are relevant as permissible background material.
The second cause is based upon claimed violation of the Civil Bights Law. It repeats the allegations of the first cause and alleges further that, without the consent of the plaintiffs, defendants have publicly and knowingly within the State of New York and elsewhere used the names of the plaintiffs for trade purposes and continue to do so despite plaintiffs’ protests. It is urged that the use of the corporate name was expressly authorized and that plaintiffs’ remedy lies in breach of contract. At the same time, it is argued that the allegations upon which the objection of consent is founded are irrelevant and should be eliminated. The numerous allegations of background material supporting the claim of unfair competition are wholly unnecessary to a statement of a cause of action relating solely to an alleged invasion of civil rights. As to that, the allegations charged violation in the use of the names of the plaintiffs and not of the corporation. A single cause is attempted. But it is not made to appear that such use is in connection with the business of any particular person or party. In the restatement of the second cause only those allegations pertaining to a cause for invasion of civil rights should be employed and it should be made clearly to appear which defendants are using plaintiffs’ names and in whose business. The defense of consent is not to be anticipated. For reasons indicated, the second cause is dismissed.
In the third cause, the allegations of the first and second are repeated and it is further alleged that, by reason of the wrongful acts of the defendants, the plaintiffs have been wrongfully deprived of the benefit and rights provided in the agreement set *916 forth in the first cause of action and that by reason thereof and of their dismissal and discharge as officers and employees of the corporation, each plaintiff has suffered injury and damage. It is urged that no contract is to be found within the allegations of the complaint and that in any event plaintiff Kim had voluntarily resigned and, finally, that there is no allegation in the complaint sufficient to support the conclusory allegation of damage. There is indeed no allegation which can support a claim of monetary damage although breaches are set forth which might entitle plaintiffs to other relief. The third cause is insufficient. The allegations of the second cause are irrelevant to a statement of the third cause and many of the allegations of the first cause are likewise irrelevant. In the restatement of the third cause, plaintiffs should confine themselves to allege the agreement, the breaches claimed and factual allegations from which it may be inferred that damage ensued.
The fourth cause of action is asserted against the defendant Schewel alone. Again, the allegations of the first, second and third causes are repeated and it is further alleged that Schewel, an attorney, represented to the plaintiffs that each of them could regard him as his attorney and should rely upon him as such attorney. The representation, it is alleged, was made on or about May 1, 1958 and that, based thereon, the plaintiff Gifford did from May 1, 1958 and the plaintiff Kim from June 1, 1958 and until about June 1,1960 rely upon Schewel to represent each of them in a proper, skillful and diligent manner in all of their dealings and transactions with all of the other individual defendants and with the corporation and that Schewel was at all times aware of plaintiffs’ reliance and trust placed in him. Thus far, there has been a failure of specific allegation of the operation of the relationship of attorney and client in any specific matter. It is alleged that the plaintiffs protested the discharge of Gifford as in breach of the agreement and they were advised, presumably by the defendant Schewel, that the codefendants were acting as the board of directors and had the power to discharge Gifford since the agreement was not in writing. Those allegations do not amount to an assertion of a claim in malpractice. It is further alleged that, by reason of all of the matters set forth in the first, second and third causes of action, the defendant Schewel, in violation of his duty to the plaintiffs, entered into and participated with the defendants in a conspiracy to misappropriate and unfairly capitalize on the names, good will and reputation of the plaintiffs and to injure and to defraud them and the defendant corporation and to wrongfully deprive the plaintiffs of the benefit and rights provided in the *917 agreement set forth in the first cause of action and to wrongfully dismiss and discharge the plaintiffs as officers and employees. It is not clear precisely what cause of action plaintiff relies on, but apart from the alleged advice that the power existed in the board of directors to discharge Gifford, since the agreement was not in writing, the matters relied on and subject of the preceding causes of action create no new and different cause of action against the defendant Schewel. If it is intended to set forth a cause of action for the intentional infliction of temporal injury, there is no allegation of special damage.
The fifth cause of action is derivative on behalf of the defendant corporation. There is no objection that the cause is insufficient. Defendants urge that many enumerated paragraphs incorporated and set forth in that cause are irrelevant. They are and no argument is urged in support of them.
The motion is granted as to the fifth cause of action, striking out the allegations of paragraphs 4 to 45 inclusive as repeated in paragraph 46 and the allegations of paragraphs 55 and 67. The motion is also granted dismissing the second, third and fourth causes of action for the reasons indicated and the motion is otherwise denied. Plaintiffs may serve an amended complaint within 20 days from service of a copy of this order with notice of entry.